**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | | |
|---|---|---|
| **TED KAMEL,** | § | |
| | § | |
| **Plaintiff/Counter-Defendant** | § | |
| | § | |
| **vs.** | § | **NO. 6:18-CV-00422-JDK-KNM** |
| | § | |
| **AVENU INSIGHTS & ANALYTICS,** | § | |
| **LLC,** | § | |
| | § | |
| **Defendant/Counter-Plaintiff.** | § | |
| | § | |
| | § | |

**DEFENDANT/COUNTER-PLAINTIFF AVENU INSIGHTS & ANALYTICS, LLC'S
REPLY TO PLAINTIFF TED KAMEL'S RESPONSE
TO DEFENDANT'S MOTION TO COMPEL**

Defendant/Counter-Plaintiff Avenu Insights & Analytics, LLC ("Avenu") files the

following Reply to Plaintiff Ted Kamel's Response to Defendant's Motion to Compel and would

state as follows:

**I.      INTRODUCTION**

The undisputed facts at issue show Plaintiff's pattern of non-compliance with the Docket

Control Order and/or regular discovery practices.  Contrary to Plaintiff's argument, Avenu has

sought very specific items in its Motion to Compel.  Specifically, Avenu seeks the following

documents:

- All communications including, but not limited to text messages and emails, sent by and between Kamel and Richard Fletcher, Vice President, Sales Tax Assurance ("STA"), a direct competitor of Avenu and any other representatives at Sales Tax Assurance including, but not limited to, Andy Nickerson.
- All communications including, but not limited to text messages and emails, sent by and between Kamel and Jason Perry, President, Azavar, a direct competitor of Avenu.

Avenu made the request for this electronically stored information in Request for

Production Nos. 5 and 6 of Avenu's Second Request for Production.[1]   In response, Plaintiff agreed to produce certain emails exchanged by and between Kamel and Fletcher but has failed to produce any additional electronic communications with Andy Nickerson.   Plaintiff also failed to produce any text messages exchanged by and between Plaintiff and Fletcher in response to the Second Request for Production, even lying about their existence during a deposition.  [Dep. of Kamel, 251: 19-22].  Avenu eventually retrieved these text messages but only after serving third-party discovery on STA.  Regarding electronic communications with Perry, Plaintiff has stated "Plaintiff will not be producing any documents responsive to this request."  [Resp. to Rog., p. 5].

Avenu also seeks access to Kamel's personal computer that currently contains information related to a list that contains Avenu's confidential information for purposes of conducting a forensic examination.   Interest in this forensic examination began following testimony by Kamel that his intern, Michael Cordaro, had twice created a list containing confidential contact information for Avenu clients ("Avenu Confidential Client List") before creating a second new list with incredibly similar information two months later on Kamel's personal computer.  [Dep. of Kamel, pp. 199-201:8-12].   This interest became all the more piqued after discovering that Cordaro reviewed the same list on Kamel's personal computer in anticipation of his deposition in this action [Dep of Cordaro, p. 29: 9-15] using cities identified on the Avenu's confidential SalesForce database and some Google searches that are undoubtedly contained as part of the metadata on the identified computer.  [*Id.*, p. 75:10-76:13].   Cordaro further admitted, however, during his deposition that he did not remember creating a second version of the list.  [*Id.* at p. 28: 9-17].

Believing a forensic examination of Kamel's computer to be the only way to verify one

---

[1] A true and correct copy of these Requests for Production, Deposition Transcript Excerpts, communications by and between counsel and other documents have been attached as exhibits to the unsworn declaration of Mark A. Flores which is attached to this Reply as Exhibit A.

**DEFENDANT/COUNTER-PLAINTIFF AVENU INSIGHTS & ANALYTICS, LLC REPLY TO PLATINIFF TED KAMEL'S RESPONSE TO DEFENDANT'S MOTION TO COMPEL**                                      **PAGE 2**

of the key claims and/or defenses in this action regarding the alleged creation of two lists containing Avenu's confidential information, counsel for Avenu requested the opportunity to make a forensic image of Kamel's cell phone and "the computer on which Mr. Cordero twice created the lists of contacts that was sent to and from [Kamel's] personal email address and his Avenu email account and to and from his personal email address and his ATA email account" on October 31, 2019.  Counsel for Avenu followed up again on November 5, 2019, November 7, 2019, and November 11, 2019 seeking a response to Avenu's request to conduct a forensic examination of the personal computer in question as well as the cell phone, to the extent it still existed.  Avenu, therefore, has chosen to raise this issue with the Court as contemplated in this Court's Discovery Order of February 27, 2019 [DE No. 26] via this Motion to Compel.

## II.   ARGUMENTS

### A.   Avenu is not seeking to conduct a fishing expedition.

Avenu stands ready to engage Plaintiff regarding the parameters that the parties would engage in a forensic examination of Kamel's personal computer as well as other mechanisms by which the parties could engage in this important discovery while protecting Kamel's privacy. That said, Kamel's testimony regarding the two time creation of the list in question on his computer and Cordaro's contradictory testimony has opened the door to an examination of this computer for not only the list but other materials that might contain the confidential information, like the listing of clients obtained from SalesForce, and web search histories. .

The case cited by Kamel expressly recognized "courts have permitted restrained and orderly computer forensic examinations where the moving party has demonstrated that its opponent has defaulted in its discovery obligations by unwillingness or failure to produce relevant information by more conventional means."  *Areizaga v. ADW Corp.*, 3:14-CV-2899-B, 2016 WL 9526396, at *3 (N.D. Tex. Aug. 1, 2016) (citation omitted).  In this instance, there

have been multiple instances of failures to produce information related to the claims or defenses in this action and contradictory testimony that support the need for this forensic examination.

Most notably, Plaintiff testified that he did not remember "ever texting Richard [Fletcher]" despite the fact that more than thirty-five (35) pages of text messages were produced by Fletcher in response to third-party discovery initiated only after Avenu was forced to take his deposition to determine the scope of Plaintiff and Fletcher's relationship.  Counsel for Plaintiff has stated there are no back-ups of the information on his cell phone located in the cloud or any other computer.  More recently, in an attempt to find the last known contact information for Tony Campisi, Kamel's former co-worker at his new position and a potential witness believed to have relevant information, counsel for Plaintiff has simply stated his client has no idea how to contact him despite Avenu's request that he check his cell phone records for possible  numbers.

Plaintiff's attempt to confuse this issue by bringing up a Dropbox account that Avenu had no role in creating is both misleading and irrelevant.  First and foremost, Avenu has no knowledge of the password or the origin of this account in the same way it does not know how to access the Live Nation Account that sent email messages to Plaintiff's MuniServices email account.  [AVENU (KAMEL) 000589-90].  Secondly, Plaintiff has not brought a motion on this issue.  This Court should grant Avenu's Motion to Compel.

**B.      This Court should consider sanctions against Plaintiff.**

This Court should also refuse to entertain Plaintiff's attempt to parse language in order to avoid sanctions for his misconduct.  The deposition testimony in full stated:

Q. Do you recall **ever** texting Richard [Fletcher]?
A. No.
Q. Did he ever text you?
A. I don't remember.

[Dep. of Kamel, pp. 251: 19-22] (*emphasis added*).  It seems highly incredible to believe that

**DEFENDANT/COUNTER-PLAINTIFF AVENU INSIGHTS &
ANALYTICS, LLC REPLY TO PLATINFF TED KAMEL'S RESPONSE
TO DEFENDANT'S MOTION TO COMPEL                                      PAGE 4**

Plaintiff would not recall "ever texting" Fletcher given the multiple referrals, pricing information, and recruitment information exchanged with Fletcher via text message.  It similarly seems incredible to believe that he would not remember Fletcher texting him regarding the same.

Plaintiff correctly states that there is nothing in the record supporting Avenu's belief regarding Kamel's texting activities other than the messages rightfully produced by a third-party following discovery deemed necessary in the face of otherwise incredible statements by Plaintiff. While Avenu has not presented evidence that Plaintiff texted clients, it has certainly provided evidence that Plaintiff engaged in significant texting activity regarding business as seen in the thirty-five (35) pages of text messages turned over in third-party discovery, required following Plaintiff's refusal to testify truthfully regarding his communications with Fletcher.  This Court should issues sanctions against Plaintiff for this misconduct.  Moreover, this Court should refuse to issues sanctions against Avenu as it did not file this motion without substantial justification as seen in the above-stated facts.

III.    **CONCLUSION**

For the above-stated reasons, this Court should grant Avenu's Motion to Compel and order production of the requested materials and a forensic examination of Plaintiff's computer.

Respectfully submitted,

        /s/ Michael P. Royal
Michael P. Royal
Texas State Bar No. 00784886
mroyal@littler.com
Mark Flores
Texas State Bar No. 24076385
markflores@littler.com
 LITTLER MENDELSON, P.C.
2001 Ross Avenue
Suite 1500, Lock Box 116
Dallas, TX  75201.2931
ATTORNEYS FOR AVENU INSIGHTS & ANALYTICS, LLC

## <u>CERTIFICATE OF SERVICE</u>

The undersigned counsel certifies that on this, the 13th day of December, 2019, I served the foregoing via the cm/ecf system resulting in electronic service on the following counsel of record:

Joseph Pevsner
Joseph.Pevsner@tklaw.com
Austin Smith
Austin.Smith@tklaw.com

*/s/ Michael P. Royal*
Counsel for Avenu Insights &
Analytics, LLC

4831-1447-9278.1 099095.1001

# EXHIBIT A

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## TYLER DIVISION

| | | |
|---|---|---|
| TED KAMEL | § | |
| | § | |
| **Plaintiff/Counter-** | § | |
| **Defendant,** | § | |
| | § | |
| | § | |
| | § | **NO. 6:18-cv-00422-RWS-KNM** |
| **v.** | § | |
| | § | |
| AVENU INSIGHTS & ANALYTICS, | § | |
| LLC, | § | |
| | § | |
| **Defendant/Counter-** | § | |
| **Plaintiff.** | § | |

## UNSWORN DECLARATION OF MARK A. FLORES

Pursuant to 28 U.S.C. § 1746, I declare in this Unsworn Declaration of Mark A. Flores ("Declaration") the following to be true and correct under penalty of perjury:

1.      I am an adult over the age of 18 years old, and I have personal knowledge of the information contained in this Declaration.  I am signing this Declaration freely, without any threat of punishment or promise of reward.

2.      I have personal knowledge of all facts stated herein and am competent to testify as to all facts stated herein as being true and correct.

3.      I am an attorney at the law firm of Littler Mendelson, P.C.   I represent Defendant/Counter-Plaintiff Avenu Insights & Analytics, LLC in the above-styled action.  I am familiar with the discovery proceedings in this action.

4.      Attached hereto as Exhibit 1 to this Declaration is Kamel's Response to Second Request for Production.

**UNSWORN DECLARATION OF MARK A. FLORES**                                          **PAGE 1**

5.      Attached hereto as <u>Exhibit 2</u> to this Declaration are true and correct copies of excerpts of the transcript of the deposition of Ted Kamel, Plaintiff/Counter-Defendant in this action.

6.      Attached hereto as <u>Exhibit 3</u> to this Declaration are true and correct copies of excerpts of the transcript of the deposition of Michael Cordaro.

8.      Attached hereto as <u>Exhibit 5</u> to this Declaration are true and correct copies of documents produced in response to written discovery and general discovery obligations by Avenu, Defendant/Counter-Plaintiff in this action.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on December 13, 2019

_____

Mark A. Flores

4849-6108-2285.1 099095.1001

UNSWORN DECLARATION OF MARK A. FLORES                    PAGE 2

# EXHIBIT A-1

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | | |
|---|---|---|
| TED KAMEL, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | NO. 6:18-cv-00422-JDK-KNM |
| | § | |
| AVENU INSIGHTS & ANALYTICS, LLC, | § | |
| | § | |
| Defendant. | § | |
| | § | |

**PLAINTIFF TED KAMEL'S OBJECTIONS AND RESPONSES
TO DEFENDANT'S SECOND REQUEST FOR PRODUCTION OF DOCUMENTS**

TO:     Defendant Avenu Insights & Analytics, LLC, by and through its attorneys of record, Michael Royal and Mark Flores, Littler Mendelson, P.C., 2001 Ross Avenue, Suite 1500, Dallas, Texas 75201

Plaintiff Ted Kamel ("Plaintiff" or "Kamel") serves the following objections and responses to Defendant's Second Set of Requests for Production. Please see documents produced as KAMEL000097-001132.

Respectfully submitted,

By: */s/ Austin Smith*
Joseph Pevsner
State Bar No. 15874500
Joseph.Pevsner@tklaw.com

Austin Smith
State Bar No. 24102506
Austin.Smith@tklaw.com
THOMPSON & KNIGHT, LLP
One Arts Plaza
1722 Routh Street, Suite 1500
Dallas, Texas 75201
Tel. (214) 969-1700
Fax (214) 969-1751
**ATTORNEYS FOR PLAINTIFF TED KAMEL**

<u>**CERTIFICATE OF SERVICE**</u>

The undersigned hereby certifies that they caused a true and correct copy of the foregoing

to be served on the following counsel of record via email on October 9, 2019:

> Michael P. Royal
> Mark Flores
> Littler Mendelson, P.C.
> 2001 Ross Avenue
> Suite 1500, LB 116
> Dallas, Texas 75201-2931

> */s/ Austin Smith*
> Austin Smith

## PRELIMINARY STATEMENTS AND OBJECTIONS

1.  Plaintiff objects to Defendant's definitions, instructions, and requests to the extent they purport to impose obligations on Plaintiff in excess of its discovery obligations under the Federal Rules of Civil Procedure.  Plaintiff will respond to each request in accordance with the applicable rules, using the common meaning and normal usage of words and phrases.

2.  Plaintiff objects to Defendant's definitions, instructions, and requests to the extent they seek to require Plaintiff to produce documents not within its possession, custody, or control.

3.  Plaintiff objects to these requests to the extent they seek documents that are available from public sources or third parties or are otherwise equally available to Defendant.

4.  For some of these requests, Plaintiff will agree to produce relevant, responsive, non-privileged documents located after a reasonably diligent search. Such an answer is not a representation that any such documents exist, only that Plaintiff agrees that if after a reasonably diligent search any such documents are located, Plaintiff will produce them.

5.  Plaintiff does not concede that any of its responses are or will be admissible evidence during litigation of this matter, and Plaintiff does not waive any objection, whether or not asserted herein, to the use of any such response at trial.

## REQUESTS FOR PRODUCTION OF DOCUMENTS

**REQUEST FOR PRODUCTION NO. 1:**   Produce any and all documents, electronically stored information, and tangible things that you have in your possession, custody, or control, which were sent from your email address (tedkamel@msn.com) to the email address assigned to you by Avenu and/or MuniServices from March 29, 2017 to the present.

**RESPONSE:**

Plaintiff objects to this request as seeking documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects because this request is overbroad and unduly burdensome because it is unlimited as to scope and seeks documents that are in the possession of Defendant.

Subject to and without waiving these objections or assertion of privilege, Plaintiff will produce any responsive documents and directs Defendant to documents previously produced.

**REQUEST FOR PRODUCTION NO. 2:**   Produce any and all documents, electronically stored information, and tangible things that you have in your possession, custody, or control, which were sent from an email address assigned to you by Avenu and/or MuniServices to your email address tedkamel@msn.com or any other email addresses controlled or utilized by you. This includes, but is not limited to, Word documents, PowerPoint presentations, pdf copies of documents and other materials.

**RESPONSE:**

Plaintiff objects to this request as overly broad and as seeking documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving these objections or assertion of privilege, Plaintiff will produce any responsive documents and directs Defendant to documents previously produced.

**REQUEST FOR PRODUCTION NO. 3:**   Produce any and all documents, electronically stored information, and tangible things that you have in your possession, custody, or control, which relate to any and all prospect lists created while working with Avenu prior to the termination of your employment with Avenu on March 29, 2018 to which you have access as of this date. This includes all prospect lists available for access on the computing devices identified in your response to Interrogatory No. 8 of Avenu's First Set of Interrogatories and/or available through archived emails at your tedkamel@msn.com account.

**RESPONSE:**

Plaintiff objects to this request as seeking documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects because this request is overbroad and unduly burdensome because it is unlimited as to scope and seeks documents that are in the possession of Defendant.

Subject to and without waiving these objections or assertion of privilege, Plaintiff will produce any responsive documents and directs Defendant to documents previously produced.

**REQUEST FOR PRODUCTION NO. 4:**     Produce any and all documents, electronically stored information, and tangible things that you have in your possession, custody, or control that relate to your recruitment and/or eventual employment by STA and/or Azavar Audit Solutions, as identified in Kamel000042.

**RESPONSE:**

Plaintiff objects to this request as seeking documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects because this request is vague and ambiguous because it is unclear what is being identified in Kamel000042. Plaintiff further objects to this request on the ground that the request is invasive of his privacy rights and is an impermissible fishing expedition.

Subject to and without waiving these objections or assertion of privilege, Plaintiff will produce any discoverable documents and directs Defendant to documents previously produced.

**REQUEST FOR PRODUCTION NO. 5:**     Produce any and all documents, electronically stored information, and tangible things that you have in your possession, custody, or control that relate to any communications by and between you and STA and/or you and Azavar Audit Solutions, as identified in Kamel000042.

**RESPONSE:**

Plaintiff objects to this request as seeking documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects because this request is vague and ambiguous because it is unclear what is being identified in Kamel000042. Plaintiff further objects to this request on the ground that the request is invasive of his privacy rights and is an impermissible fishing expedition.

Subject to and without waiving these objections or assertion of privilege, Plaintiff will produce any discoverable documents and directs Defendant to documents previously produced.

**REQUEST FOR PRODUCTION NO. 6** Produce any and all documents, electronically stored information, and tangible things that you have in your possession, custody, or control that relate to any communications by and between you and Jason Perry, President of Azavar Audit Solutions, as identified in KAMEL000044.

**RESPONSE:**

Plaintiff objects to this request as seeking documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects because this request is vague and ambiguous because it is unclear what is being identified in Kamel000044. Plaintiff further objects to this request on the ground that the request is invasive of his privacy rights and is an impermissible fishing expedition.

Subject to and without waiving these objections or assertion of privilege, Plaintiff will not be producing any documents responsive to this request. Plaintiff will supplement his response as required by the Federal Rules.

# EXHIBIT A-2

```
 1              IN THE UNITED STATES DISTRICT COURT
              FOR THE EASTERN DISTRICT OF TEXAS
 2                      TYLER DIVISION
 3     TED KAMEL,                    )
                                     )
 4              Plaintiff,           )
                                     ) CIVIL ACTION NO.
 5              vs.                   )
                                     ) 18-CV-00422-JDK-KNM
 6     AVENU INSIGHTS & ANALYTICS, LLC,)
                                     )
 7              Defendant.           )
       _____
 8
                         ORAL DEPOSITION OF
 9
                            TED KAMEL
10
                         OCTOBER 15, 2019
11     _____
12
13            CONTAINS CONFIDENTIAL TESTIMONY
14
15            ORAL DEPOSITION of TED KAMEL, produced as
16     a witness at the instance of the Defendant, and duly
17     sworn, was taken in the above-styled and numbered
18     cause on the 15th of October, 2019, from 9:44 a.m.
19     to 6:22 p.m., before Karen L. Shelton, RDR/CRR/CSR
20     in and for the State of Texas, reported by machine
21     shorthand at the offices of Thompson & Knight, LLP,
22     1722 Routh Street, Suite 1500, Dallas, Texas,
23     pursuant to the Federal Rules of Civil Procedure and
24     any provisions stated on the record or attached
25     hereto.
```

                                                    Page 1

```
 1                 A P P E A R A N C E S

 2

 3    FOR THE PLAINTIFF:

 4         MR. JOSEPH PEVSNER (Morning session only)
           MR. AUSTIN SMITH

 5         THOMPSON & KNIGHT, LLP
           1722 Routh Street

 6         Suite 1500
           Dallas, Texas 75201

 7         (214) 969-1700
           (214) 969-1751 (fax)

 8         joseph.pevsner@tklaw.com
           austin.smith@tklaw.com

 9

10    FOR THE DEFENDANT:

11         MR. MICHAEL P. ROYAL
           MR. MARK A. FLORES (Afternoon session only)

12         LITTLER MENDELSON, P.C.
           2001 Ross Avenue

13         Suite 2600
           Dallas, Texas 75201

14         (214) 880-8100
           (214) 880-0181 (fax)

15         mroyal@littler.com
           markflores@littler.com

16

17

18

19

20

21

22

23

24

25

                                          Page  2
```

1    was another email that was sent close in time in the

2    same form.  And this one was to a Maria Barrera.  Is

3    that correct?

4         A.   Correct.

5         Q.   And would I be correct in assuming that

6    she was your contact at Weslaco?

7         A.   Yes.

8         Q.   Where did you obtain the email addresses

9    for these individuals that you utilized in

10   Exhibit 28 and 29?

11        A.   Michael on, I believe, April 9th or in

12   that week created another spreadsheet for me.

13        Q.   He created another spreadsheet?

14        A.   Yes.

15        Q.   And why did he have to create another

16   spreadsheet?

17        A.   That's what I asked him.  But he did.  And

18   the emails that we sent out, he helped me send out

19   these emails.  He was there at my house until like

20   10:00 that night.

21        Q.   Did you send an email out to every client

22   that you had worked with at Avenu --

23        A.   No.

24        Q.   -- of a similar sort?

25        A.   No.

Page 199

```
 1          Q.    So this -- the one that you closed in the
 2    trunk was your personal phone while you worked at
 3    Avenu?
 4          A.    Correct.
 5          Q.    And did you -- did you conduct any sort of
 6    business communications on that phone while working
 7    at Avenu?
 8          A.    Never.
 9          Q.    What about with regard to working at STA?
10    I'm assuming you had the phone during that period of
11    time?
12          A.    Yes.
13          Q.    And did you conduct any sort of
14    communications of a business nature on that
15    particular phone, the one that got closed in the
16    trunk, while at STA?
17          A.    Other than maybe talking to Richard on the
18    phone, I don't remember.
19          Q.    Do you recall ever texting Richard?
20          A.    No.
21          Q.    Did he ever text you?
22          A.    I don't remember.
23          Q.    All right.  Then there's a reference to a
24    Dell desktop computer.  Is that the personal
25    computer we've been talking about?
```

Page 251

Federal Rules of Civil Procedure

Rule 30

(e) Review By the Witness; Changes.

(1) Review; Statement of Changes. On request by the deponent or a party before the deposition is completed, the deponent must be allowed 30 days after being notified by the officer that the transcript or recording is available in which:

(A) to review the transcript or recording; and

(B) if there are changes in form or substance, to sign a statement listing the changes and the reasons for making them.

(2) Changes Indicated in the Officer's Certificate. The officer must note in the certificate prescribed by Rule 30(f)(1) whether a review was requested and, if so, must attach any changes the deponent makes during the 30-day period.

DISCLAIMER: THE FOREGOING FEDERAL PROCEDURE RULES ARE PROVIDED FOR INFORMATIONAL PURPOSES ONLY. THE ABOVE RULES ARE CURRENT AS OF APRIL 1, 2019. PLEASE REFER TO THE APPLICABLE FEDERAL RULES OF CIVIL PROCEDURE FOR UP-TO-DATE INFORMATION.

## VERITEXT LEGAL SOLUTIONS
## COMPANY CERTIFICATE AND DISCLOSURE STATEMENT

Veritext Legal Solutions represents that the foregoing transcript is a true, correct and complete transcript of the colloquies, questions and answers as submitted by the court reporter. Veritext Legal Solutions further represents that the attached exhibits, if any, are true, correct and complete documents as submitted by the court reporter and/or attorneys in relation to this deposition and that the documents were processed in accordance with our litigation support and production standards.

Veritext Legal Solutions is committed to maintaining the confidentiality of client and witness information, in accordance with the regulations promulgated under the Health Insurance Portability and Accountability Act (HIPAA), as amended with respect to protected health information and the Gramm-Leach-Bliley Act, as amended, with respect to Personally Identifiable Information (PII). Physical transcripts and exhibits are managed under strict facility and personnel access controls. Electronic files of documents are stored in encrypted form and are transmitted in an encrypted fashion to authenticated parties who are permitted to access the material. Our data is hosted in a Tier 4 SSAE 16 certified facility.

Veritext Legal Solutions complies with all federal and State regulations with respect to the provision of court reporting services, and maintains its neutrality and independence regardless of relationship or the financial outcome of any litigation. Veritext requires adherence to the foregoing professional and ethical standards from all of its subcontractors in their independent contractor agreements.

Inquiries about Veritext Legal Solutions' confidentiality and security policies and practices should be directed to Veritext's Client Services Associates indicated on the cover of this document or at www.veritext.com.

# EXHIBIT A-3

1            IN THE UNITED STATES DISTRICT COURT
              FOR THE EASTERN DISTRICT OF TEXAS
2                        TYLER DIVISION
3    TED KAMEL                     )
                                   )
4    vs.                           ) CA NO. 6:18-CV-00422-JDK-KNM
                                   )
5    AVENU INSIGHTS &              )
     ANALYTICS, LLC.               )
6
7
8
9
10             ORAL AND VIDEOTAPED DEPOSITION
11                    MICHAEL V. CORDARO
12                    NOVEMBER 20, 2019
13
14
15        ORAL DEPOSITION OF MICHAEL V. CORDARO, produced
16   as a witness at the instance of the Defendant, and duly
17   sworn, was taken in the above-styled and numbered
18   cause on the 20th day of November, 2019, from
19   1:56 p.m. to 4:01 p.m., before Tammy L. Goolsby,
20   Certified Shorthand Reporter in and for the State of
21   Texas, reported by computerized stenotype machine at
22   the Holiday Inn Tyler, 5701 S. Broadway, Tyler,
23   Texas, pursuant to the Federal Rules of Civil
24   Procedure and the provisions stated on the record or
25   attached hereto.  Signature not reserved.

MICHAEL V. CORDARO - 11/20/2019

2

```
 1                      APPEARANCES
 2
    FOR PLAINTIFF:
 3
                MR. AUSTIN SMITH
 4              THOMPSON & KNIGHT
                1722 Routh Street, Suite 1500
 5              Dallas, Texas  75201
                austin.smith@tklaw.com
 6
 7
    FOR DEFENDANT:
 8
                MR. MICHAEL ROYAL
 9              MR. MARK A. FLORES
                LITTLER MENDELSON
10              2001 Ross Avenue, Suite 1500
                Dallas, Texas  75201
11              markflores@littler.com
12
13  ALSO PRESENT:
14              Keith Mize, Videographer
15
16
17
18
19
20                   REPORTER'S NOTE
21          Uh-huh = Yes - Affirmative Response
              Huh-uh = No - Negative Response
22    Quotation Marks are used for clarity and do not
              necessarily indicate a direct quote
23
24
25
```

LEIGH & ASSOCIATES COURT REPORTING AND VIDEO
(877) 790-3376    FAX (877) 790-3377

1          Q.    Do you have a copy of any sort of list with
2    you at this time?
3          A.    No.
4          Q.    And -- and so, again, what about -- I'm
5    assuming that Mr. Smith said something about a second
6    list.  is that correct?
7          A.    That there were two lists, yeah.
8          Q.    And did he tell you anything specifically
9    about the second list?
10          A.    Not that I remember.
11          Q.    And -- and do you recall anything you would
12    have said about the second list?
13          A.    It's that I don't remember -- I don't know
14    about a second list.
15          Q.    Did you tell him you don't recall having
16    ever created a second list?
17          A.    Correct.
18          Q.    And then you said, also, that you talked
19    to -- to Mr. Kamel about this situation; is that
20    correct?
21          A.    Yeah.
22          Q.    What -- tell me, when have you talked to
23    Mr. Kamel about the -- the list?
24          A.    Over the weekend, I had some questions for
25    him.  I was wondering what this was going to be about,

1  how long it might take.

2      Q.   And did you meet with him in person, or was

3  this over the telephone?

4      A.   In person.

5      Q.   And -- and how long did you meet with him?

6      A.   About an hour.

7      Q.   During that time period, did Mr. Kamel show

8  you any documents?

9      A.   He -- he showed me -- he showed me one --

10  he showed me the list that I, apparently, created for

11  his web seminar; I think that was the list.  Because

12  I wanted to -- I wanted to see -- I went over there

13  because I wanted to see if I could jog my memory of

14  what happened, because this is all very difficult

15  for me to remember.

16      Q.   Sure.

17           And so -- so he showed you a list.

18      A.   Yeah.

19      Q.   What -- describe that list for me.  What did

20  it contain?

21      A.   Name, number, email.

22      Q.   Did it have a listing of the -- the cities'

23  name?

24      A.   I don't remember.

25      Q.   Okay.

MICHAEL V. CORDARO - 11/20/2019

75

1       A.    No.

2       Q.    So the sole information that you would have

3   input into Exhibit 25 was simply whatever you could get

4   off the computers?

5                   MR. SMITH:   Object, form.

6       A.    Yes.

7       Q.    (By Mr. Royal) And, again, how did you choose

8   the particular cities that were included on Exhibit 25?

9                   MR. SMITH:   Object to form.

10      A.    I used Salesforce.   He had a list of the -- of

11  his cities.

12      Q.    (By Mr. Royal) And so were you able to cut and

13  paste that into this Excel spreadsheet?

14                  MR. SMITH:   Object to form.

15      A.    No.   I had to do it by hand.   You couldn't,

16  you know, transfer information, you know, with a mouse

17  from one computer to the other.   I had to do it by hand

18  or....

19      Q.    (By Mr. Royal) And just type it in?

20      A.    Yeah.   Just look at it and type it.

21      Q.    When -- when you said you were doing your

22  Google searches, did Mr. Kamel tell you what it is you

23  were searching for?

24      A.    He -- he wanted a city manager or a --

25  somebody in the financial department.

MICHAEL V. CORDARO - 11/20/2019

76

1      Q.    And so when you -- you performed the searches,
2  what would you go and -- and look for?  Like, describe to
3  me how you would -- would go about doing a search.
4      A.    I would search for the city's website.
5      Q.    And then once you're on the city's website,
6  what would you look for?
7      A.    Contact information for, you know, city
8  manager, financial director, maybe, or some -- somebody
9  to contact.
10     Q.    But as we're sitting here today, you don't
11  specifically recall the exact cities for whom you'd had
12  to do a Google search?
13     A.    No.
14     Q.    Can you recall whether you had to do the
15  Google search for, say, 25 of the cities on Exhibit 25
16  or...?
17            MR. SMITH:  Object to form.
18     A.    No.
19     Q.    (By Mr. Royal) Or put -- put any sort of, you
20  know, objective criteria to -- you know, I had to --
21  for 10 percent of the cities on Exhibit 25, I had to do
22  a Google search?
23     A.    No.  Have no idea.
24            MR. SMITH:  Object to form.
25     Q.    (By Mr. Royal) There's just -- you don't have

MICHAEL V. CORDARO - 11/20/2019

95

```
 1              IN THE UNITED STATES DISTRICT COURT

 2              FOR THE EASTERN DISTRICT OF TEXAS

 3                     TYLER DIVISION

 4   TED KAMEL                    )

 5                                )

 6   vs.                         ) CA NO. 6:18-CV-00422-JDK-KNM

 7                                )

 8   AVENU INSIGHTS &            )

 9   ANALYTICS, LLC.             )

10

11                   REPORTER'S CERTIFICATE

12     ORAL AND VIDEOTAPED DEPOSITION OF MICHAEL V. CORDARO

13                   NOVEMBER 20, 2019

14

15       I, Tammy L. Goolsby, Certified Shorthand

16   Reporter in and for the State of Texas, hereby

17   certify to the following:

18       That the witness, MICHAEL V. CORDARO, was duly

19   sworn by the officer and that the transcript of the

20   oral deposition is a true record of the testimony

21   given by the witness;

22       That the original deposition was delivered to

23   Mr. Michael Royal, Custodial Attorney.

24       That pursuant to information given to the

25   deposition officer at the time said testimony was
```

1    taken, the following includes all parties of record
2    and the amount of time used by each party at the time
3    of the deposition:

4         Mr. Royal (1hour, 45minutes), Attorney for
5    Defendant

6         Mr. Smith (0hour, 11minutes), Attorney for
7    Plaintiff

8

9         That pursuant to FRCP Rule 30(3), the signature
10   of the deponent was not requested by the deponent or
11   a party before the completion of the deposition.

12        I further certify that I am neither counsel for,
13   related to, nor employed by any of the parties or
14   attorneys in the action in which this proceeding was
15   taken, and further that I am not financially or
16   otherwise interested in the outcome of the action.

17        Certified to by me on this 12th day of
18   December, 2019.

19

20

21   _____

22        Tammy L. Goolsby, CSR 3101

23        Expiration:  7/31/21

24        Firm Registration: 684

25

# EXHIBIT A-4

| Message | |
|---|---|
| **From**: | Live Nation Concerts [Customer_Support@LiveNation.com] |
| **Sent**: | 10/2/2017 11:59:53 PM |
| **To**: | Ted Kamel [Ted.Kamel@MuniServices.com] |
| **Subject**: | You sent tickets to Ted for The Moody Blues |



# Ticket Transfer Initiated

Hi Ted,
We just sent your tickets to Ted Kamel at tedkamel@msn.com. Now all
Ted has to do is accept them to get in.

## Event Summary



### The Moody Blues
Mon, Jan 22, 2018 08:00 PM
The Pavilion at Toyota Music Factory
300 W Las Colinas Blvd
Irving, TX 75039

Tell your friends you're going.

 

**Section** 103, **Row** L, **Seat** 14

**Section** 103, **Row** L, **Seat** 15

If you did *not* make this change, please call 800-653-8000 or email us
immediately.
Live Nation Fan Support
PS – Make sure your password is as strong as your love for live
events. Go to My Account, enter your email, and click Forgot
Password? Then create a bulletproof password including at least one
number plus upper and lowercase letters (hint: don't use your birthday,
bank PIN, or other easily identifiable stuff).

 Real Tickets. Unreal Experiences.

## Questions?

Contact us or find your answer fast in our FAQ.
Or write to us: Live Nation, Attn: Fan Support | 1000 Corporate Landing | Charleston, WV 25311

## Follow Us.

    

LiveNation.com | Terms of Use | Privacy | Live Nation Entertainment
© 2016 Live Nation. All rights reserved.

AVENU (KAMEL) 0000590