IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| TED KAMEL, | § § | |
| Plaintiff, | § § | |
| v. | § § | NO. 6:18-cv-00422-JDK-KNM |
| AVENU INSIGHTS & ANALYTICS, LLC, | § § | |
| Defendant. | § § § | |

**PLAINTIFF TED KAMEL'S REPLY
TO DEFENANT'S RESPONSE TO PLAINTIFF'S MOTION
FOR LEAVE TO EXTEND DISCOVERY DEADLINE FOR LIMITED PURPOSE**

Plaintiff Ted Kamel ("Kamel") files this Reply to Defendant Avenu Insights & Analytics, LLC's ("Defendant" or "Avenu") Response to Plaintiff's Motion for Leave to Extend Discovery for Limited Purpose (the "Motion") as follows:

## I.   INTRODUCTION

On November 14, 2019, Avenu filed its Amended Answer and Counterclaim and raised the affirmative defense of justification, including that it had a good faith belief that it could enforce the 2017 Agreement against Kamel. On November 22, 2019, Avenu filed its Motion for Summary Judgment, specifically moving for summary judgment on its affirmative defense of justification.

As part of Avenu's burden to prove justification, Avenu must show had a good faith belief in a colorable right to interfere with Kamel's employment agreement. That would also include a good faith belief that the geographical restrictions of the non-competition provision were reasonable. Thus, after Daryl Savage, General Counsel for Avenu, testified as to the efforts made in drafting the provisions of the 2017 Agreement, Kamel sought discovery related to Avenu's efforts to ensure the 2017 Agreement's geographical restrictions were reasonable.

1

## II.     ARGUMENT

A.   **Plaintiff has shown good cause in its request to extend the discovery deadline for a limited purpose.**

When Plaintiff was alerted to the need for this discovery, Plaintiff requested this information in a timely manner. Although Avenu amended its Answer to add the affirmative defense of justification on November 14, 2019 (the deadline to amend pleadings), it was unclear what Avenu's basis was for these new affirmative defenses.

On November 19, 2019, Plaintiff took the deposition of Daryl Savage, General Counsel for Avenu.[1] Mr. Savage testified as to the efforts made in drafting the provisions of the 2017 Agreement, including but not limited to, research performed on Westlaw and input he received from Avenu employees. Prior to Mr. Savage's disclosure of this information, the documents and communications Plaintiff seeks may have been protected by the attorney-client privilege, and thus, not discoverable.

Thus, after assessing the waiver issues and the need for its discovery over the weekend, Plaintiff informed Avenu as soon as we could on the next business day (Monday, November 25, 2019 – two days before the expiration of the discovery deadline) that Kamel would need this additional limited discovery.[2]

Lastly, even if Kamel had requested the additional discovery the next day after Mr. Savage's deposition, Avenu's response to any discovery request would still fall outside the discovery deadline. Thus, Plaintiff would still need to file a Motion for Relief with the Court to seek this relevant discovery.

---

[1] Kamel did not received the certified copy of Mr. Savage's deposition under December 4, 2019.
[2] The Dispositive Motion deadline was on November 22, 2019.

### B. Avenu waived the attorney-client privilege as it pertains to communications involving the legal advice related to the drafting of the 2107 Agreement

Because Avenu assert the privilege, it has the burden of proving that it applies to each document that they seek to protect from disclosure. *United States v. El Paso Co.*, 682 F.2d 530, 539 (5th Cir. 1982). Specifically, they must establish as to each document the following elements:

> (1) the asserted holder of the privilege is or sought to become a client; (2) the person to whom the communication was made (a) is (the) member of a bar of a court, or his subordinate and (b) in connection with this communication is acting as a lawyer; (3) the communication relates to a fact of which the attorney was informed (a) by his client (b) without the presence of strangers (c) for the purpose of securing primarily either (i) an opinion on law or (ii) legal services or (iii) assistance in some legal proceeding, and not (d) for the purpose of committing a crime or tort; and (4) the privilege has been (a) claimed and (b) not waived by the client.

*In re Grand Jury Proceedings*, 517 F.2d 666, 670 (5th Cir. 1975) (citing *United States v. United Shoe Mach. Corp.*, 89 F. Supp. 357, 358-59 (D. Mass. 1950)). Moreover, although the attorney-client privilege serves an important purpose, it also impedes the full and free discovery of truth and therefore should be strictly construed. *Navigant Consulting, Inc. v. Wilkinson*, 220 F.R.D. 467, 473 (N.D. Tex. 2004) (Kaplan, J.) (citing *Perkins v. Gregg County, Tex.*, 891 F. Supp. 361, 363 (E.D. Tex. 1995)); *see also In re Grand Jury Proceedings in re Fine*, 641 F.2d 199, 204 n.5 (5th Cir. Unit A Mar. 1981) ("[T]he attorney-client privilege should be confined within the narrowest limits consistent with its purpose."). Avenu has not met its burden.

Generally, a party waives attorney-client privilege when it voluntarily discloses privileged communications to a third party, including an adversary in litigation. *Reedhycalog UK, Ltd. v. Baker Hughes Oilfield Operations, Inc.,* 251 F.R.D. 238, 244 (E.D. Tex. 2008); *Aspex Eyewear, Inc. v. E'Lite Optik, Inc.*, No. CIV.A.3:98-CV-2996-D, 2002 WL 1592606 at *3 (N.D. Tex. July 17, 2002); *see also United States v. El Paso Co.*, 682 F.2d 530, 539 (5th Cir. 1982) ("To retain the attorney-client privilege, the confidentiality surrounding the communications made in that

relationship must be preserved."). The Fifth Circuit has held that "[a] client waives the attorney-client privilege . . . by failing to assert it when confidential information is sought in legal proceedings." *Nguyen v. Excel Corp.*, 197 F.3d 200, 206 (5th Cir. 1999).

Mr. Savage testified that he was hired by Avenu as outside counsel to draft the 2017 Agreement at issue in this lawsuit.[3] He further testified that he was provided the 13 stated by April Bullion, Avenu's Head of Human Resources, and that he spent time researching the laws of the 13 states listed in the "Central Region" of the Non-competition's geographically limitation. Specifically, he testified that he researched the laws of the 13 states regarding the enforceability of non-compete agreements to ensure that the 2017 Agreement was enforceable. He additionally testified he was paid by Avenu for his time spent researching and drafting the 2017 Agreement. Furthermore, Mr. Savage testified that he drafted a new Nondisclosure, Noncompetition, and Nonsoliciation Agreement since the inception of this lawsuit. Avenu has waived its attorney-client privilege as to communications and documents related to these issues. [*See generally* Savage Dep. at 60:1-67:22].

C.  **The interpretation of the 2017 Agreement and subsequent changes are relevant to the issues in the case**

Again, Avenu has the burden of proving its affirmative defense(s) of justification, which they must prove by a preponderance of evidence that Avenu had a good faith belief in a colorable right to interfere with Kamel's employment agreement. That would also include a good faith belief that the geographical restrictions of the non-competition provision were reasonable. Thus, documents related to Avenu's efforts in drafting and researching the enforceability of the non-

---

[3] The deposition excerpts of Daryl Savage have been attached as <u>Exhibit 1</u> to the unsworn declaration of Austin Smith attached to this Response as Exhibit A.

compete provision are highly relevant to this lawsuit. That should also include any billing statements from Mr. Savage, detailing the time spent researching and drafting the 2017 Agreement.

Even Avenu admits these issues are relevant in its Response to Plaintiff's Motion for Summary Judgment. In its Response, Avenu states that it challenges Kamel's assertion that there is evidence that Avenu knew at the time of the execution of the Agreement that the convenant did not contain [appropriate limitations] (sic)." [Dkt. #57 at 20]. Avenu concludes that "Kamel, therefore, cannot simply rely on a mere allegation as the existence of "Evidence" but must provide citation to the evidence supporting his conclusions. [Dkt. #57 at 21]. That is precisely the type of discovery Kamel is seeking with these discovery requests.

Furthermore, Federal Rule of Evidence 407 bar of evidence of subsequent remedial measures surely does not apply to the re-drafting of a Noncompete, Nondisclosure and Nonsoliciation Agreement. Fed. R. Evid. 407 states

> When measures are taken that would have made an earlier injury or harm less likely to occur, evidence of the subsequent measures is not admissible to prove:
> • negligence;
> • culpable conduct;
> • a defect in a product or its design; or
> • a need for a warning or instruction.
> But the court may admit this evidence for another purpose, such as impeachment or--if disputed--proving ownership, control, or the feasibility of precautionary measures.

FED. R. EVID. 407.

Federal Rule of Evidence 407 was intended to apply to evidence of subsequent remedial measures used to prove "a defect in a product or its design, or that a warning or instruction should have accompanied a product." *Id*. The policy behind Rule 407 is to protect public safety and avoid deterring manufacturers from making their products safer. Subsequence changes of the 2017 Agreement have nothing to do with protecting the public safety and welfare.

5

Even if the admissibility of subsequent changes to the 2017 Agreement are found to be barred by Rule 407, the documents and information itself is still discoverable. *See* FED. R. EVID. 407 (noting that "the court may admit this evidence for another purpose, such as impeachment or—if disputed—proving ... the feasibility of pre-cautionary measures").

### D. Avenu is not prejudiced by this request for discovery

Further, it is unclear to Kamel why the February 18, 2020 trial deadline creates any concerns regarding Plaintiff's limited requests as Avenu would be the only party in possession of such documents. There is no surprise or prejudice to Avenu to produce documents it already maintains. Avenu also has an obligation under the discovery order to produce such relevant documents.

### III.     CONCLUSION

Kamel respectfully requests that Plaintiff's Motion for Leave to Extend for Limited Purpose be in all things granted, and for such other and further relief, at law or in equity, to which the Plaintiff may show themselves justly entitled.

Dated:  December 18, 2019.

        Respectfully submitted,

By: */s/ Austin P. Smith*
Joseph Pevsner
State Bar No. 15874500
Joseph.Pevsner@tklaw.com

Austin Smith
State Bar No. 24102506
Austin.Smith@tklaw.com

THOMPSON & KNIGHT, LLP
One Arts Plaza
1722 Routh Street, Suite 1500
Dallas, Texas 75201
Tel. (214) 969-1700

Fax (214) 969-1751

**ATTORNEYS FOR PLAINTIFF TED KAMEL**

## **CERTIFICATE OF SERVICE**

      The undersigned hereby certifies that they caused a true and correct copy of the foregoing to be served on the following counsel of record by the Court's electronic filing system on December 18, 2019:

    Michael P. Royal
    Mark Flores
    Littler Mendelson, P.C.
    2001 Ross Avenue
    Suite 1500, LB 116
    Dallas, Texas 75201-2931

                                          */s/ Austin P. Smith*
                                          Austin P. Smith