IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| AVENU INSIGHTS & ANALYTICS, LLC, | § § § § | |
| Plaintiff, | § § | |
| | § | Case No. 6:18-cv-422-JDK-KNM |
| v. | § § | Lead Consolidated Case |
| TED KAMEL, | § § | |
| Defendant. | § § § | |

**ORDER ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court is Plaintiff Avenu Insights & Analytics, LLC's Second Supplemental Motion for Sanctions Seeking Default Judgment Against Defendant Ted Kamel (Docket No. 159).

The Court has referred this case to United States Magistrate Judge K. Nicole Mitchell for pretrial purposes pursuant to 28 U.S.C. § 636. On October 4, 2022, Judge Mitchell issued a Report and Recommendation recommending that the Court grant in part and deny in part Plaintiff's motion. Docket No. 208. Specifically, Judge Mitchell recommends imposing a monetary sanction on Defendant Kamel to cover certain of Plaintiff's attorneys' fees and issuing an adverse jury instruction at trial as to spoliation of certain evidence. Judge Mitchell does not recommend entering default judgment against Defendant Kamel as Plaintiff's motion requests. Defendant Kamel and Plaintiff Avenu timely filed written objections. Docket Nos. 214, 215.

1

Where a party timely objects to the Report and Recommendation, the Court reviews the objected-to findings and conclusions of the Magistrate Judge de novo. 28 U.S.C. § 636(b)(1). In conducting a de novo review, the Court examines the entire record and makes an independent assessment under the law. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*), *superseded on other grounds by statute*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

An objecting party must specifically identify those findings or recommendation to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *Battle v. U.S. Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987) (quoting *Nettles v. Wainwright*, 677 F.2d 404, 410 n.8 (5th Cir. 1982) (en banc)). Further, a party that fails to object to specific issues of law or fact waives the right to a de novo review of the report and recommendation. *Washington v. Plano ISD*, 2017 WL 73953, at *2 (E.D. Tex. Jan. 9, 2017).

Here, Kamel objected to "each and every finding of fact and conclusion of law in the Report and Recommendation." Docket No. 214. Kamel states: "I do not agree with any findings that I defied any discovery order or destroyed any evidence." *Id*. Because this objection lacks specificity, it is overruled.

Kamel further insists that he "justif[ied] all instances of inconsistent testimony at the open hearing before the Court" and that "those statements before the Court as a response should count." Docket No. 214. This argument fails. Judge Mitchell's Report notes that under Local Rule CV-7(d), Kamel's failure to respond to Plaintiff's

2

motion for sanctions despite being given several extensions, creates a presumption that the facts are not controverted. Docket No. 208 at 7. Further, Kamel's failure to properly respond to the motion for sanctions is not the basis for the recommended sanctions. Rather, Judge Mitchell's Report substantially details Kamel's conduct warranting sanctions, including contradicting deposition testimony and court filings and destroying or otherwise dispossessing several electronic devices Kamel previously admitted to owning.

And Kamel's testimony at the August 11, 2022 hearing does not justify the spoliation of evidence described in Judge Mitchell's Report. For example, Kamel argued at the hearing that "during [Kamel's] deposition, [] most of this information they were asking [him] [] were things that occurred two, three, four, sometimes even farther back than that." Hearing Tr. 8/11/2021 at 53:20 – 23. Kamel also argued that he had "some degree of hearing loss" during his deposition and has "severe tinnitus" so he "might have made a mistake about something." *Id.* at 57:17–58:8. He further explained that he "just assumed [the information] was transferred to [his] new phone but what's not on [his] new phone is in the cloud." *Id.* at 61:8–10. And Kamel stated that "all the information was transferred from [his] old phone to [his] new phone so nothing was lost." *Id.* at 60:13–15.

Kamel had a duty to preserve evidence relevant to this litigation as early as August 16, 2018, when this case was removed to this Court. *See Guzman v. Jones*, 804 F.3d 707, 713 (5th Cir. 2015) ("A party's duty to preserve evidence comes into being when the party has notice that the evidence is relevant to the litigation or

3

should have known that the evidence may be relevant." (citing *Rimkus Consulting Grp., Inc. v. Cammarata*, 688 F. Supp. 2d 598, 612 (S.D. Tex. 2010)). Kamel's arguments from the August hearing do not adequately explain or justify the loss of the devices that Kamel admitted to having in his possession in 2019. The Court therefore overrules Kamel's objections on this point.

Plaintiff Avenu objects to the Judge Mitchell's Report "to the extent it deems an award of attorney's fees and/or a spoliation instruction to be sufficient to substantially achieve deterrence against Kamel." Docket No. 215 at 1 (internal quotations omitted). Avenu emphasizes its view that death penalty sanctions are "the only appropriate sanction" for Kamel's conduct. *Id.* at 2.

The Court disagrees. In assessing sanctions, "[t]he Court's task is, at the end of the day, grounded in discretion." *Quantlab Techs. Ltd. (BGI) v. Godlevsky*, 2014 WL 651944, at *11 (S.D. Tex. Feb. 19, 2014). The Court's analysis depends heavily on the facts and circumstances of each case and cannot be reduced to a generalized checklist of what is acceptable or unacceptable. *Id.* (quoting *Rimkus Consulting*, 688 F. Supp. 2d at 613). As such, a court *may* impose sanctions when the *Conner* or *Rimkus* factors are satisfied but is not required to do so. *Id.* Accordingly, the Court overrules Avenu's objections.

Having conducted a de novo review of the record in this case and the Magistrate Judge's Report, the Court has determined that the Report of the Magistrate Judge is correct, and the parties' objections are without merit. Accordingly, the Court hereby **ADOPTS** the Report of the Magistrate Judge (Docket

4

No. 208) as the opinion of the District Court. The Court hereby **GRANTS** in part and **DENIES** in part Plaintiff Avenu Insights & Analytics, LLC's Second Supplemental Motion for Sanctions Seeking Default Judgment Against Defendant Ted Kamel (Docket No. 159). Defendant Kamel is **ORDERED** to pay Avenu the reasonable attorney's costs and fees Avenu incurred for the drafting and filing of its Second Supplemental Motion for Sanctions Seeking Default Judgment (Doc. No. 159) and its Supplement in support of the motion (Doc. No. 174). Further, the Court will issue an adverse jury instruction against Kamel at trial on the issue of spoliation as it pertains to the unknown location of the HP desktop computer, the Toshiba laptop, and the Samsung S-10 cellphone.

So **ORDERED** and **SIGNED** this **21st** day of **October, 2022.**

_____
JEREMY D. KERNODLE
UNITED STATES DISTRICT JUDGE